USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/7/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

FLOR ELENA MONTEROSSA,                                      :
CARMEN MONTALVO, and LEA CLARIVEL                           :
DUARTE DE GARCIA, on behalf of themselves and              :
others similarly situated,                                  :
                                                            :        11 Civ. 3689 (JMF)
                                                            :
                                   Plaintiffs,              :        OPINION AND ORDER
                                                            :
            -v-                                             :
                                                            :
MARTINEZ RESTAURANT CORP. and DANIEL                       :
MARTINEZ,                                                   :
                                                            :
                                   Defendants.              :
--------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On May 31, 2011, Plaintiffs Flor Elena Monterrosa, Carmen Montalvo, and Lea Clarivel

Duarte de Garcia filed this action against Martinez Restaurant Corp. ("Martinez Restaurant" or

the "Restaurant") and its principal, Daniel Martinez, alleging violations of the Fair Labor

Standards Act ("FLSA"), 20 U.S.C. §§ 201, *et. seq.*, and the New York Labor Law ("NYLL"),

Art. 19 § 650 *et seq.* (Docket No. 1). To the extent relevant here, Plaintiffs — former

employees at Martinez Restaurant — allege that Defendants failed to pay them the statutory

minimum wage and overtime compensation.

On April 30, 2012, Plaintiffs filed a motion for partial summary judgment on Count II of

their complaint, asserting that there is no issue of material fact regarding Defendants' alleged

violations of the NYLL. (Docket No. 19). On May 2, 2012, Defendants filed a motion for

summary judgment on Count I, arguing that Martinez Restaurant does not qualify as an

"enterprise engaged in commerce" under the FLSA and that the federal claim, therefore, must be

dismissed. (Docket No. 29). Defendants also urge the Court not to exercise supplemental

jurisdiction over the remaining state claims.

For the reasons discussed below, Plaintiffs' motion for summary judgment is GRANTED in part and DENIED in part; Defendants' motion is DENIED.

## BACKGROUND

Defendant Daniel Martinez is the sole owner and principal of Martinez Restaurant, a "Spanish or Hispanic" themed restaurant located in the Bronx, New York.  (Cooper Aff. Ex. C at 8-9).  Plaintiffs were employed at Martinez Restaurant as waitresses and general helpers at various times between March 2009 and May 2011.  (Pls.' Rule 56.1 Statement ¶ 4; Defs.' Response to Pls.' Rule 56.1 Statement ¶ 4; Compl. ¶¶ 8-10).[1]  It is undisputed that during their employment, Plaintiffs were paid in cash and no records were kept for the days or hours they worked.  (Pls.' Rule 56.1 Statement ¶ 9; Defs.' Response to Pls.' Rule 56.1 Statement ¶ 9).  Martinez did, however, keep a handwritten log of the Restaurant's income and expenses.  (Pls.' Rule 56.1 Statement ¶ 10; Defs.' Response to Pls.' Rule 56.1 Statement ¶ 10).  The log included employee salaries as calculated on a weekly basis.  (*Id.*).

In his deposition, Martinez testified that he paid Monterrosa and Montalvo $5.00 per hour per ten-hour shift, plus tips, regardless of how many days per week they worked.  (Cooper Aff. Ex. C at 47).  Similarly, Martinez testified that he paid de Garcia $5.50 an hour per ten-hour shift; she also received tips.  (*Id.*).  Martinez did not keep track of the tips his employees earned, but he estimated that they received between $25.00 and $60.00 per day based on both his observations and what they told him.  (*Id.* at 48, 51, 53).  He also admitted that he never informed his employees that because they were receiving tips from customers, they were earning less than the minimum wage.  (*Id.* at 53).

---

[1]     Defendants do not dispute that Plaintiffs worked at Martinez Restaurant as waitresses and general helpers, but they neither admit nor deny Plaintiffs' allegations regarding the time each Plaintiff worked there.  (Answer ¶¶ 3-5).

**DISCUSSION**

**A.  Standard of Review**

Summary judgment is appropriate when the record demonstrates that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To defeat a summary judgment motion, the non-moving party must demonstrate more than mere "metaphysical doubt as to the material facts." *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  The non-moving party "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." *Golden Pac. Bancorp v. FDIC*, 375 F.3d 196, 200 (2d Cir. 2004) (quoting *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998)).

Where, as here, each side moves for summary judgment, "neither side is barred from asserting that there are issues of fact, sufficient to prevent the entry of judgment, as a matter of law, against it." *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993).  "[T]he court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.* (quoting *Schwabenbauer v. Board of Educ. of Olean*, 667 F.2d 305, 314 (2d Cir. 1981)).

**B.  Defendants' Motion for Summary Judgment**

As noted, Defendants move for summary judgment on Count I of the complaint, which raises an FLSA claim.  Under the FLSA, an employer must pay a statutorily defined minimum

3

wage and an overtime wage (of not less than one and one-half times the regular rate for hours worked in excess of forty hours in a single work-week) if an employee either "1) is engaged in commerce or in the production of goods for commerce, or 2) is employed in an enterprise engaged in commerce or in the production of goods for commerce." *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96-97 (2d Cir. 2009) (internal quotation marks omitted) (quoting 29 U.S.C. § 207(a)(1)); *see also* 29 U.S.C. § 206 (setting the minimum wage after the enactment of the Fair Minimum Wage Act of 2007).  In this case, Plaintiffs do not claim coverage under the first theory, known as "individual coverage."  *See Zaldivar v. Anna Bella's Cafe, LLC*, 11-CV-1198 (JS) (ETB), 2012 WL 642828, at *2 (E.D.N.Y. Feb. 28, 2012).  Instead, they seek to qualify under the second theory, known as "enterprise coverage."  *See id.*

To the extent relevant here, the statute defines an "[e]nterprise engaged in commerce or in the production of goods for commerce" to mean an enterprise that

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

29 U.S.C. § 203(s)(1)(A).  Relying on five years of the Restaurant's federal and state tax returns — which purport to show that the Restaurant never earned more than $120,000 in annual gross income between 2005 and 2010 — Defendants contend that they are entitled to summary judgment because Plaintiffs have failed to prove that the Restaurant's annual gross income was "not less than $500,000."  (Defs.' Mem. of Law in Support of its Mot. for Summ. J. 2-7; Schwartzberg Aff. Ex. F).  This argument is without merit.

First, Defendants are mistaken that Plaintiffs must *prove* enterprise coverage to survive summary judgment.  "[T]he question of whether or not Defendants actually are 'an enterprise engaged in commerce' within the meaning of 29 U.S.C. § 203(s)(1) is an issue that goes to the merits of Plaintiffs' claims rather than [to] the Court's subject matter jurisdiction."  *Velez v. Vassallo*, 203 F. Supp. 2d 312, 332 (S.D.N.Y. 2002); *Benitez v. F & V Car Wash, Inc.*, 11-CV-01857 (DLI) (SMG), 2012 WL 1414879, *1  (E.D.N.Y. Apr. 24, 2012) (collecting cases and concluding that "the question of whether a defendant qualifies as an enterprise under the FLSA is not a jurisdictional issue, but an element that a plaintiff must establish in order to prove liability").  *But see Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 84 (E.D.N.Y. 2010) (holding that "[t]he employee bears the burden of establishing the jurisdictional prerequisite of either enterprise or individual coverage") (citing *Boekemeier v. Fourth Universalist Soc'y in the City of New York*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000)).  Accordingly, in order to survive summary judgment, Plaintiffs need not prove that the Restaurant had gross income of more than $500,000; that would be their burden at trial.  Plaintiffs need only show that there is a material dispute of fact regarding the issue.

They have done so.  First, as Plaintiffs note, the Restaurant's tax returns are inconsistent with Defendants' own records — specifically, a handwritten log maintained by Martinez.  (Pls.' Mem. of Law in Opp. to Defs.' Mot. for Summ. J. 6).  Among other things, those records indicate that Defendants paid significantly more in wages than the Restaurant claimed on its tax returns.  (*Compare, e.g.*, Cooper Aff. Ex. D (Defendants' records showing an annual payroll for 2010 of approximately $136,000), *with* Schwartzberg Aff. Ex. F (Defendants' tax returns showing salaries and wages for 2010 of only $17,840)).  Even more significant, the records suggest strongly that the Restaurant's annual gross income exceeded the $500,000 threshold.

For example, the log shows that, in 2010, the Restaurant paid approximately $136,000 in wages and spent more than $450,000 on expenses — a total that, in itself, exceeds $500,000 by a significant margin.  (Cooper Aff. Ex. D).[2]  Further, the log shows that, even after paying those wages and expenses, Martinez still took home over $110,000 in cash that year.  (*Id.* at Exs. C, D).  In other words, Defendants' own records suggest strongly — and perhaps even prove — that the Restaurant had sufficient gross annual income to qualify for coverage under the FLSA.

That evidence, in itself, would be enough to defeat Defendants' motion for summary judgment.  In addition, however, Plaintiffs have offered the sworn testimony of the named Plaintiffs, each of whom attests that the Martinez Restaurant grossed between $2,000 and $5,000 a day.  Their testimony may be self-serving or otherwise inaccurate, but given that the Restaurant is open 365 days a year (Cooper Aff. Ex. C at 9), it would gross well over $500,000 annually even if Plaintiffs considerably overestimated the Restaurant's daily earnings.  Finally, and in any event, there is good reason to be cautious in relying on Defendants' tax returns because, contrary to their representations (*see* Defs.' Mem. of Law in Support of Summ. J. 5), the submitted returns are unsigned and unaccompanied by a statement or affidavit of the tax preparer.

In all, the Defendants' tax returns fall far short of establishing that the annual gross income of the Restaurant falls below the FLSA threshold.  *See, e.g.*, *Amaya v. Superior Tile & Granite Corp.*, No. 10 Civ. 4525 (PGG), 2012 WL 130425, at *4 (S.D.N.Y. Jan. 17, 2012) (finding defendant's tax returns "entirely unreliable" and "utterly inconsistent with a business

---

[2]     Martinez testified in his deposition that at least some of the money used to pay expenses came from a loan, rather than from the business.  Defendants do not address this point in their motion papers, so it is unclear how, if at all, it affects the above calculation.  (*See* Cooper Aff. Ex. C at 36-37).  Martinez also appeared to assert that many of the expenses listed on the log were monthly, not weekly.  (See i*d.* at 33).  That assertion is hard to reconcile with the fact that the expenses were listed and totaled on nearly all of the weekly log entries.

employing six to eight workers full time . . .").  More to the point, Plaintiffs easily meet their

burden of establishing that there are material disputes of fact regarding the issue.  Accordingly,

Defendants' motion for summary judgment on Count I of the complaint is DENIED.  In light of

that ruling, Defendants' argument that the Court should decline to exercise supplemental

jurisdiction over the state law claims, absent original jurisdiction, is moot.

## C.  Plaintiffs' Motion for Summary Judgment

Plaintiffs do not move for summary judgment on their claim under the FLSA, conceding

that whether the Restaurant earned more than $500,000 in annual gross income is a disputed

issue of fact.  (Pls.' Mem. of Law in Support of its Mot. for Summ. J. 1 n.2, 3-4).  Plaintiffs do,

however, move for summary judgment on Count II — their claim that Defendants failed to pay

them the minimum wage and overtime as required by the NYLL.[3]  *See* NYLL §§ 650, 663.

They have carried their burden, at least as to liability.

First, the undisputed evidence shows beyond any doubt that Defendants failed to pay

Plaintiffs the statutory minimum wage of $7.25 per hour.  *See* NYLL § 652 (setting the minimum

wage as the greater of $7.15 and the minimum wage established by federal law); 29 U.S.C.

206(a)(1) (setting the minimum wage as $7.25 after July 2009).[4]  Indeed, Martinez admitted in

his deposition testimony that Montalvo and Monterrosa were each paid $50.00 per ten-hour shift

(that is, only $5.00 per hour) and that de Garcia was paid $55.00 per ten-hour shift (that is, only

$5.50 per hour).  (Cooper Aff. Ex. C at 44-47).  And while Plaintiffs did earn tips, Defendants

---

[3]     Count II of the Complaint also alleges that Defendants' violated the NYLL by failing to
pay a "spread of hours" premium for each day Plaintiffs worked ten or more hours.  (Compl.
¶ 55).  This allegation is not discussed in any of Plaintiffs' motion papers.

[4]     Between July 2008 and July 2009, the federal statutory minimum wage was only $6.55
per hour.  *See* 29 U.S.C. 206(a)(1)(B).  Only Monterrosa alleges that she was employed at the
Restaurant within that time frame.  (Compl. ¶ 8).

cannot take advantage of the so-called "tip credit" under New York law.  *See* 12 N.Y.C.R.R.

§ 146-1.3 (allowing an employer to pay an employee who receives tips at a rate less than the

minimum wage).  For one thing, as Martinez conceded during his deposition (Cooper Aff. Ex. C

at 21-22), the Restaurant did not furnish to each Plaintiff "a statement with every payment of

wages listing . . . allowances . . . claimed as part of the minimum wage," as it was required to do

in order to qualify for the "tip credit."  12 N.Y.C.R.R. § 137-2.2 (repealed January 1, 2011).[5]  In

addition, as Martinez also admitted (Cooper Aff. Ex. C at 21-22), Defendants did not satisfy the

"tip credit" requirement of maintaining and preserving "weekly payroll records" showing "for

each employee . . . allowances, if any, claimed as part of the minimum wage."  12 N.Y.C.R.R.

§ 137-2.1(a)(7).  In light of this undisputed evidence, there is no triable issue of fact regarding

whether Defendants paid Plaintiffs less than the minimum wage and Plaintiffs are entitled to

summary judgment on that score.

Second, the undisputed evidence demonstrates that Defendants failed to pay Plaintiffs at

least "one-and-a-half times the regular pay for each hour of work over forty hours in a week," as

required by the NYLL.  *Garcia v. La Revise Assocs. LLC*, No. 08 Civ. 9356 (LTS) (THK), 2011

WL 135009, at *8 (S.D.N.Y. Jan. 13, 2011) (citing 29 U.S.C. § 206; NYLL § 650, *et seq.*; 12

N.Y.C.R.R. § 137-1.3).  Martinez himself testified that, regardless of the hours Plaintiffs worked,

he paid Monterrosa and Montalvo $5.00 per hour and de Garcia $5.50 per hour.  (Cooper Aff.

Ex. C at 44, 46, 47).  And the only evidence in the record of how many hours Plaintiffs worked is

their own recollections that they generally worked five days a week in ten-hour shifts on

---

5       As of January 1, 2011, an employer may take a tip credit and pay employees a reduced
minimum wage if, among other things, the employer has notified the employee of its intention to
take the tip credit.  *See* 12 N.Y.C.R.R. ¶¶ 146-1.3, 146-2.2; *see also, e.g.*, *Benavidez v. Plaza
Mexico Inc.*, No. 09 Civ. 5076 (THK), 2012 WL 500428, at *6 (S.D.N.Y. Feb. 15, 2012).
Martinez did not comply with this requirement either.  (*See* Cooper Aff. Ex. C at 21-22, 53).

weekdays and up to twelve hours on the weekends — for a total of approximately fifty-four

hours in a typical week.  (*See* de Garcia Aff. ¶ 4 (Docket No. 22); Montalvo Aff. ¶ 4 (Docket No.

23); Monterrosa Aff. ¶ 4 (Docket No. 24)).  Given Defendants' failure to maintain any records of

the hours worked by their employees, this is more than adequate to satisfy Plaintiffs' burden of

proof.  *See, e.g.*, *Amaya*, 2012 WL 130425, at *7 ("When an employer fails to keep accurate

records, or keeps no records, courts permit the employee to carry his burden of proof [under the

FLSA and NYLL] based upon his recollection of hours worked, which is presumed to be

correct."); *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 307 (E.D.N.Y. 2009) (noting that after an

employee meets his or her initial burden, the burden then "shifts to the employer to prove by a

preponderance of the evidence that the plaintiff was properly paid for the hours worked").

Accordingly, Plaintiffs are entitled to summary judgment with respect to their NYLL overtime

claims as well.

Plaintiffs have not fully carried their burden at this stage, however, with respect to

damages.  As an initial matter, the parties dispute the precise dates of Plaintiffs' employment.

(*See* Pls.' Rule 56.1 Statement ¶ 5; Defs.' Response to Pls.' Rule 56.1 Statement ¶ 5).  In

addition, the record is insufficient at this stage to determine if Plaintiffs are entitled to liquidated

damages for the duration of their employment.  Effective November 24, 2009, the NYLL was

amended to provide for liquidated damages "unless the employer proves a good faith basis for

believing that its underpayment of wages was in compliance with the law."  NYLL § 198 (1-a).

Prior to November 24, 2009, however, Section 198 (1-a) required a showing that a defendant's

violations were "willful" before a court could enter a judgment for liquidated damages.  *See* 2009

N.Y. Sess. Laws c. 372, § 1 (McKinney); *see also Pineda-Herrera v. Da-Ar-Da, Inc.*, No. 09–

CV–5140 (RLM), 2011 WL 2133825, *4 n.9 (E.D.N.Y. May 26, 2011) (explaining that the

November 24, 2009 amendment removed the willfulness requirement from the state provision).

To be entitled to summary judgment on the issue of liquidated damages for the period before

November 2009, therefore, Plaintiffs must show that there is no material dispute of fact with

respect to Defendants' willfulness.  *See, e.g., McLean v. Garage Mgmt. Corp.*, No. 10 Civ. 3950

(DLC), 2012 WL 1358739, at *8 (S.D.N.Y. Apr. 19, 2012) (holding that plaintiffs were entitled

to recover liquidated damages on unpaid overtime wages accruing after November 24, 2009, but

not before, because plaintiffs did not meet their burden of establishing willfulness).  They have

not done so.

        To establish willfulness under the NYLL, a plaintiff must show "that the employer either

knew or showed reckless disregard for the matter of whether its conduct was prohibited by the

statute."  *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999) (quoting *McLaughlin

v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).[6]  The plaintiff — who bears the burden of

proof, *see, e.g.*, *Amaya*, 2012 WL 130425, at *10 — "need not prove that the defendants acted

maliciously or in bad faith."  *Keun-Jae Moon*, 248 F. Supp. 2d at 235.  But a showing of "[m]ere

negligence is insufficient."  *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009);

*see also Porter v. N.Y. Univ. Sch. of Law*, 392 F.3d 530, 531-32 (2d Cir. 2004) ("If an employer

acts unreasonably, but not recklessly, in determining its legal obligation, then . . . it should not be

. . . considered [willful].") (quoting *McLaughlin*, 486 U.S. at 135 n.13).

        Although the question is close, the Court concludes that the record is not clear enough to

grant Plaintiffs' summary judgment on the issue of liquidated damages — at least for the period

prior to November 24, 2009.  Plaintiffs argue that Martinez "flagrantly ignored his obligations

---

[6]      The standard for willfulness in this context is basically the same as the standard for
willfulness in the FLSA statute of limitations context.  *See, e.g.*, *Keun-Jae Moon v. Joon Gab
Kwon*, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002).

under the Labor Law, despite his responsibility to comply with these laws as a business owner

and employer in New York State." (Pls.' Mem. of Law in Support of Summ. J. 13). But

Plaintiffs put forward no evidence that Martinez was even aware of his obligation, and what

evidence there is in the record on that score — namely, Martinez's deposition — suggests that he

was not aware of his responsibilities. (Cooper Aff. Ex. C at 49). Given this record, the question

of whether the Defendants displayed reckless disregard for their obligations — as opposed to

mere negligence — must be left for the jury. *See, e.g.*, *Berrios v. Nicholas Zito Racing Stable,

Inc.*, 849 F. Supp. 2d 372, 391 (E.D.N.Y. 2012) (noting that "[c]ourts within this Circuit have

left the question of willfulness to the trier of fact"); *Kaur v. Royal Arcadia Palace, Inc.*, 643 F.

Supp. 2d 276, 294-95 (E.D.N.Y. 2007) (declining to enter summary judgment on the issue of

willfulness because it is a "question of fact for the jury"); *see also, e.g.*, *Edwards v. City of New

York*, No. 08 Civ. 3134 (DLC), 2011 WL 3837130, at *5 (S.D.N.Y. Aug. 29, 2011) (holding that

plaintiffs' conclusory statements did not qualify as evidence that defendant acted willfully);

*Clarke v. JPMorgan Chase Bank, N.A.*, No. 08 Civ. 2400 (CM) (DCF), 2010 WL 1379778, at

*10 (S.D.N.Y. Mar. 26, 2010) (stating that "[r]eckless disregard . . . involves actual knowledge

of a legal requirement, and deliberate disregard of the risk that one is in violation") (internal

citation omitted).

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is DENIED.

Plaintiffs' motion for summary judgment as to Count II of the complaint is GRANTED, but only

as to Defendants' liability. The question of whether Defendants' violations prior to November

24, 2009, were willful, and damages generally, will be left for trial.

The parties are hereby ORDERED to submit a Joint Pretrial Order and all related pretrial

11

filings, as set forth in the Court's Individual Rules and Practices for Civil Trials (available at

http://nysd.uscourts.gov/judge/Furman), by **Friday, October 5, 2012**.  The parties are further

ORDERED to appear for a pretrial conference on **Friday, September 14, 2012**, at **2:30 pm** in

Courtroom 6A of the United States Courthouse, 500 Pearl Street, New York, NY 10007.

       SO ORDERED.


Dated: September 7, 2012
       New York, New York

 

                                     JESSE M. FURMAN
                                    United States District Judge